WILLIE LOUIS BROOKS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Brooks v. Commissioner
Docket No. 25544-92
United States Tax Court
T.C. Memo 1993-113; 1993 Tax Ct. Memo LEXIS 111; 65 T.C.M. (CCH) 2167; March 29, 1993, Filed *111 For respondent: Nancy Romano. BUCKLEY
BUCKLEY
MEMORANDUM OPINION BUCKLEY, Special Trial Judge: This matter was heard pursuant to the provisions of section 7443A(b) and Rules 180, 181, and 182. [1] It is before the Court on respondent's motion to dismiss for failure to state a claim for relief and for damages under section 6673. Respondent filed the motion on February 8, 1993, pursuant to Rule 40. Respondent determined a deficiency in petitioner's Federal income tax in the amount of $ 298 for taxable year 1989, based on a determination that petitioner failed to report wages of $ 570 and unemployment compensation of $ 1,420. On November 16, 1992, petitioner filed a petition with this Court which appeared to refer to each of the taxable years 1972 through 1978 and 1984 through 1991. Petitioner resided at Crawford, Mississippi, when he timely filed his petition *112 herein. Respondent filed a motion to dismiss for lack of jurisdiction and to strike as to the taxable years 1972 through 1978, 1984 through 1988, 1990, and 1991. We granted that motion on January 21, 1993, leaving only taxable year 1989 unresolved. Respondent moved for the dismissal of this case on the grounds that the petition does not assign any error to the items set forth in the notice of deficiency. Instead, respondent argues, the petition contains only a bizarre assortment of randomly selected legal terms and other words. In the interest of clarity, we set forth verbatim the remaining petition in relevant part: 3. Petitioners disputes the following: Amount of
Addition to Tax
Deficiency
(Penalty) if any,
Amount Over-
Year
Disputed
Disputed
payment Claimed
1989
Necessity
Pursuant proceed
refrain Assistance
designative
orientated
Restrictive
fair
4. Set forth those adjustments, i.e. changes, in the NOTICE OF DEFICIENCY with which you disagree and why you disagree. In applicable redetermine plaintiff in accordances instruction jurisdictional proceeded in requirement recorded allotment be appretain by the regular source IRS. Reconciliated *113 determined National Labor fair Act Combinational Equal credit fair Opportunity Acts. The Privacy Act of 1974 Code Section (70A 8/77    ) 609 6189 6001 6011 6012A 6109 monopolize liable fair access insure Revenue. Status recruiting endowment negotiated recorded recommended facts reforms. Assertive suspension ledger delicated networkable access concurred value. Gross earning income amts. table tax column. Status filing tax Federal exemptional suspension decimal solution accumulated in priority resulted subletly revenues security law amended.
We are unable to comprehend this petition, but upon careful reflection it appears that no cause of action has been stated. Rule 34(b) provides that a petition filed in this Court shall contain clear and concise assignments of each and every error which petitioner alleges to have been committed by respondent in the determination of the deficiency or liability. Rule 34(b)(5) further provides that the petition shall contain clear and concise lettered statements of the facts on which petitioner bases the assignments of error. We further note that Rule 34(b)(4) provides that "Any issue not raised in the assignment of errors shall be deemed *114 to be conceded." Clearly, this petition does not comply with Rule 34(b). The petition does not raise any justiciable issues for trial in this case. Upon due consideration of respondent's motion to dismiss for failure to state a claim for relief and for damages under section 6673, we issued an order on February 16, 1993, directing petitioner to file an amended petition which would specifically set forth assignments of error and the underlying facts. In response, petitioner filed a Rule 50(c) statement with this Court on March 1, 1993, but this document also failed to enlighten us as to any justiciable issue. Because petitioner has filed a petition, which does not state a justiciable claim upon which relief can be granted, petitioner has failed to comply with the Rules of the Court. Accordingly, respondent's motion to dismiss is granted. Rule 123(b). Respondent also seeks an award of damages pursuant to section 6673. That section provides that where it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay, or the taxpayer's position in such proceeding is frivolous or groundless, the Tax Court may require the *115 taxpayer to pay to the United States a penalty not in excess of $ 25,000. We have decided in our discretion to deny the motion for a penalty. An appropriate order and decision will be entered. Footnotes
1. All section references are to the Internal Revenue Code in effect for the year at issue; Rule references are to the Tax Court Rules of Practice and Procedure.↩